IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY SNIDER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 11-1174-JDT-egb |
| | ) | Crim. No. 06-10005-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTIONS TO ALTER OR AMEND (ECF Nos. 18, 19 & 20)
AND TRANSFERRING ALL OTHER MOTIONS TO SIXTH CIRCUIT
AS SECOND OR SUCCESSIVE MOTIONS PURSUANT TO 28 U.S.C. § 2244(b)(3)

The Movant, Jeremy Snider, Bureau of Prisons register number 20500-076, an inmate at the U.S. Penitentiary Lee in Jonesville, Virginia, filed a *pro se* motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The Court partially denied the motion but directed the United States to respond to one remaining claim. (ECF No. 5.) After the United States filed an answer (ECF No. 10), Snider moved to supplement the § 2255 motion to raise additional issues (ECF No. 15). The Court subsequently granted the motion to supplement and denied relief on the final claims. (ECF No. 16.) Snider then filed a timely motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 17.) He later filed several motions to supplement the motion for reconsideration. (ECF Nos. 19, 20, 21, 22, 25, 26, 27, 28, 33 & 36.)

On November 20, 2006, a superseding indictment was returned, charging Snider with conspiracy to manufacture over 50 grams of methamphetamine, in violation of 21 U.S.C. § 846; manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and 846; possessing equipment, chemicals, products, and materials that may be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g); possessing a stolen firearm, in violation of 18 U.S.C. § 922(j); and possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). (No. 06-10005-JDT, Crim. ECF No. 32). A jury found him guilty on all counts on July 6, 2007. (*Id.*, Crim. ECF Nos. 61 & 62.) Snider was later sentenced as a career offender to a 360-month term of imprisonment, to be followed by a four-year period of supervised release. (*Id.*, Crim. ECF No. 82.)[1]

The claims raised in Snider's motion to supplement were whether he was entitled to relief under the Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and/or *Descamps v. United States*, 133 S. Ct. 2276 (2013). In his motion to alter or amend, Snider argues this Court erroneously denied relief on the basis of those decisions.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury, rather than a "sentencing factor." 133 S. Ct. at 2155. In denying Snider relief on his claim based on that decision, this Court initially determined he was properly subject to a mandatory minimum sentence of five years based on drug quantity because the indictment properly charged that he conspired to manufacture over 50 grams of methamphetamine and the jury convicted Snider on that charge. (ECF No. 16 at 9-10.)

---

[1] On direct appeal, the Sixth Circuit reversed Snider's § 924(c) conviction for possessing a firearm during and in relation to a drug-trafficking crime and remanded for further proceedings. *United States v. Snider*, 379 F. App'x 430 (6th Cir. 2010). On remand, this Court dismissed the § 924(c) charge and reimposed the original sentence on counts 1 through 5, for a total sentence of 300 months. (No. 06-10005, Crim. ECF No. 104.) Snider did not appeal.

2

In the motion to alter or amend, Snider contends that during the sentencing hearing, "it was found that the factual drug weight only amounted to .10 grams." (ECF No. 18 at 6.) Therefore, he argues that the indictment charging 50 grams, and the jury's verdict, were defectively unconstitutional. Snider elaborates on this argument in his motions to supplement the motion to alter or amend filed January 30, 2014 and March 14, 2014. (ECF Nos. 19 & 20.) However, Snider is mistaken concerning the quantity of drugs that he was found to be responsible for at sentencing.

The Presentence Investigation Report ("PRS") indicates that the drug quantity on which the sentence was based was 56 grams of methamphetamine. (PSR at 9, ¶¶ 19-20; *id.* at 31.) It is clear from the sentencing hearing that the .10 figure Snider focuses on was merely the amount of drugs present at the time of his arrest, found in witness Sara Webb's purse. (No. 06-10005, Crim. ECF No. 89, Sent. Tr. at 12.) However, the relevant charge is the conspiracy charge, and during the sentencing hearing Snider's defense counsel stated, "we have to abide by the jury's verdict, and I understand that. But I also understand that the drug weight in this case that supported that verdict, again, was testimony from unindicted co-conspirators on every gram except .10 grams that was found in her purse." (*Id.* at 12-13.) Thus, counsel conceded, and rightfully so, that the jury's verdict finding Snider guilty of conspiring to manufacture at least 50 grams of methamphetamine was supported by the evidence at trial. Therefore, Snider's argument based on *Alleyne* is without merit.

Snider also reiterates his argument, based on the decision in *Descamps*, that he was not properly sentenced as a career offender. He contends that the offense of aggravated burglary under Tennessee law is not categorically a crime of violence under the Career Offender guideline, U.S.S.G. § 4B1.1(a) because it is not a "generic" burglary. That argument is also without merit. As the Court noted in the order denying the § 2255 motion, the Sixth Circuit held, in *United States v. Nance*, 481

F.3d 882, 887-88 (6th Cir. 2007), that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." (*Id.* at 888.)[2] Even after the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Sixth Circuit has reaffirmed the holding in *Nance*. *See United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015).

For the foregoing reasons, Snider's motion to alter or amend (ECF No. 18) and his first two motions to supplement the Rule 59(e) motion (ECF Nos. 19 & 20) are DENIED.

Pursuant to 28 U.S.C. § 2244(b)(3), the remainder of Snider's motions (ECF Nos. 21, 22, 25, 26, 27, 28, 33 & 36) are hereby TRANSFERRED to the Sixth Circuit as attempts to file a second or successive § 2255 motion. The Clerk is directed to terminate all motions on the docket.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The definitions of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), and the Career Offender guideline are almost identical and are interpreted in the same way. *See, e.g.*, *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010).